# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY A. MCQUONE, | ) 1:11cv01016 DLB |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S |
| vs. | ) SOCIAL SECURITY COMPLAINT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## BACKGROUND

Plaintiff Joy A. McQuone ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed her applications in June 2007, alleging disability since May 1, 2006, due to back problems and mental health problems. AR 16, 55-59. After the applications were denied

initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 55-59, 60-61, 67. On March 10, 2010, ALJ Jeffrey Hatfield held a hearing in Palmdale, California. AR 25-54. He issued a decision denying benefits on April 16, 2010. AR 13-24. On March 31, 2011, the Appeals Council denied review. AR 6-10.

Hearing Testimony

ALJ Hatfield held a hearing on March 10, 2010, in Palmdale, California. Plaintiff appeared with her non-attorney representative, Diana Wade. Vocational expert ("VE") Randy Hedrick also appeared and testified. AR 25.

Plaintiff testified that she was 32 years old at the time of the hearing. She was married and had two children, ages six and ten. AR 29-30. She completed the eleventh grade and does not have a driver's license. AR 30.

Plaintiff last worked at Von's in 2008 as a pharmacy clerk and floral designer. She only worked for a few days because she re-injured her back. AR 31. Plaintiff had back surgery in 2005 and returned to work with a light duty restriction. AR 32, 35. She re-injured her back in 2006 while she was mopping. AR 32-33.

Though her doctor told her she might need additional surgery eventually, Plaintiff was maintaining her back with pain medication and a self-regulated exercise program. AR 36-37. She can bath herself most of the time and can dress herself without assistance. AR 39. Plaintiff can prepare simple meals, do light cleaning and shop once a month. Standing and walking causes shooting pain and limits her ability to cook and vacuum. AR 39-40. She needs help lifting things while shopping. AR 41. Plaintiff tries to walk two miles a day, three times a week. She needs to stop and rest, however, and it takes her about two hours. AR 43.

Plaintiff testified that she could sit for about an hour before needing to lie down with her feet elevated for 10-15 minutes. She could stand for about 45 minutes to an hour. AR 42. She thought she could lift about five pounds. AR 44.

Plaintiff explained that her pain medications cause memory problems.  AR 44.  She does not have trouble using her hands and other than her low back and legs, everything is "pretty much okay."  She cannot bend.  AR 44.  Plaintiff has good days and bad days and estimated that she has two or three good days a week.  AR 47.  On bad days, she rated her pain at an eight or nine out of ten.  AR 48.

For the first hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age, education and experience who could lift and carry ten pounds occasionally, less than ten pounds frequently.  This person could stand and walk up to two hours, no more than two hours in an eight hour period.  Every 30 minutes, this person would need to get off their feet for up to five minutes and then can stand and walk again, but not more than two hours in an eight hour period.  This person could sit for six hours in an eight hour period, but every 30 minutes, this person must be free to reposition herself to relieve discomfort.  This person could occasionally climb stairs, but could never climb ladders, ropes or scaffolding.  This person could occasionally balance and stoop, but could never kneel, crouch or crawl.  This person could occasionally reach and work overhead bilaterally and had to avoid concentrated exposure to hazardous machinery and unprotected heights.  AR 50-51.

The VE testified that this person could not perform Plaintiff's past relevant work but could perform the full range of sedentary, unskilled work.  This includes positions such as order clerk, final assembler optical and telephone quotation clerk.  AR 51-51.

If this same person needed to miss up to three days per month due to pain, in additional to normal absenteeism, the VE testified that this person could not work.  AR 52.

The VE testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT") and was not modified at all by his own experience.  AR 52-53.

Medical Record

Plaintiff raises a single issue, which is legal in nature, in this appeal. Accordingly, the medical record is not relevant and will not be summarized.

ALJ's Findings

The ALJ determined that Plaintiff had the severe impairment of low back pain. AR 18. She retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations: lift and carry ten pounds occasionally, less than ten pounds frequently; stand/walk for two hours in an eight period, 30 minutes at a time; sit for about six hours in an eight hour period, alternating sit/stand every 30 minutes; occasionally climb ramps/stairs, balance and stoop; never climb ladders, ropes or scaffolding; never kneel, crouch or crawl; occasionally reach with bilateral extremities; and avoid concentrated exposure to hazardous machinery and unprotected heights. AR 19.

With this RFC, the ALJ determined that Plaintiff could not perform her past relevant work but could perform jobs that existed in significant numbers in the national economy. AR 22-23. Specifically, she could perform positions such as order clerk (DOT 209.567-014), final assembly (DOT 713.687-018), and telephone quotation clerk (DOT 237.367-046). AR 23-24.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and

the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f). Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of her disability and (2) has an impairment or a combination of impairments that is considered "severe" (low back pain) based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) did not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; (4) could not perform her

past relevant work, but (5) could perform a significant number of jobs in the national economy. AR 18-24.

Here, Plaintiff argues that the VE identified positions that required reaching beyond that allowed by her RFC.

## DISCUSSION

Plaintiff argues that the ALJ erred in accepting the positions identified by the VE without soliciting an explanation for the deviation from the DOT. Specifically, she contends that the three positions identified by the VE require frequent reaching, yet her RFC allows only for occasional reaching.

Although evidence provided by a VE "generally should be consistent" with the DOT, "[n]either the [ Dictionary of Occupational Titles ] nor the [vocational expert] ... evidence automatically 'trumps' when there is a conflict." *Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p). Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT. *Id.* Where the ALJ fails to ask the VE if the positions are consistent with the DOT, the Court is unable to determine whether substantial evidence supports the ALJ's finding at step five. *Id.*

Plaintiff does not challenge the ALJ's RFC finding, which allowed for occasional reaching with the bilateral upper extremities. Occasional, as defined by the Social Security Rulings, means "occurring from very little up to one-third of the time." SSR 83-10. The positions identified by the VE for someone with this RFC, however, all require frequent reaching. As explained in the DOT, the positions of order clerk (DOT 209.567-014), final assembly (DOT 713.687-018), and telephone quotation clerk (DOT 237.367-046), require frequent reaching, defined by the DOT as existing "from one-third to two-thirds of the time."[1]

---

[1] Plaintiff states that the DOT defines frequent as occurring "*over* one-third up to two-thirds of the time," but the actual definition states, "*from* one-third to two-thirds of the time."

There appears, then, to be a deviation between Plaintiff's RFC and the requirements of the DOT. While Plaintiff can only perform reaching up to one-third of the time, the positions identified require reaching from one-third of the time to two-thirds of the time. Under these circumstances, the ALJ is required to determine whether a conflict exists and, if so, "whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (stating that an ALJ may rely on expert testimony which contradicts the DOT "only insofar as the record contains persuasive evidence to support the deviation").

Here, the ALJ asked the VE if his testimony was consistent with the DOT, and the VE replied, "Yes." AR 52. When asked if his answers were modified at all by his own experience, the VE stated, "No." AR 52-53. However, it is apparent from the definitions of "occasional" and "frequent" that a conflict existed and required explanation. Moreover, although there may have been some positions that required reaching only one-third of the time, there was no discussion of erosion.

The failure of the ALJ to obtain a reasonable explanation is contrary to existing law and renders the step five finding unsupported by substantial evidence. Even when a VE incorrectly testifies that there is no conflict, as here, the ALJ must still obtain a reasonable explanation. *See Hernandez v. Astrue*, 2011 WL 223595, *2–5 (C.D.Cal.2011) (where VE incorrectly testified there was no conflict between her testimony and DOT, ALJ erred in relying on VE's testimony and failing to acknowledge or reconcile the conflict).

Defendant's opposition relies on an obvious difference in the hypothetical and the final RFC finding. In the hypothetical, the ALJ stated, "reaching and working overhead bilaterally limited to occasional." AR 51. The actual RFC finding in the decision, however, limited Plaintiff to "occasional reaching with bilateral upper extremities." AR 19. Defendant

acknowledges the distinction, but argues that the ALJ's decision was consistent with the DOT "because a more specific restriction to occasional reaching and working overhead does not preclude frequent reaching in general." Opposition, at 4.

The obvious problem with Defendant's argument is that it requires the Court to assume that the ALJ meant to include "overhead" in the RFC finding. As Defendant is likely aware, however, the Court cannot do so. Although the Court can make logical inferences to resolve conflicts, it will not alter an RFC finding so that it can conclude that a conflict did not exist. Defendant's citation to the medical record does not change this result.

Second, even assuming the RFC included only a limitation to occasional overhead reaching, it is not a foregone conclusion that someone with this limitation could perform positions that require frequent reaching. "[I]t is not clear. . .whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir.2006); *Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D.Cal.2010) ("As defined in the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

## **REMAND**

Section 405(g) of Title 42 of the United States Code provides: "the court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In social security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal and an award of benefits is

appropriate." *Id*. (citation omitted); *see also Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir.1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed.").

Here, the Court finds that the step five error can be remedied with further proceedings. On remand, the ALJ should first ensure that the RFC and hypothetical include the same limitations. The ALJ should also elicit testimony from the VE to determine whether a conflict exists and whether there is a reasonable basis for reconciling the conflict. *See Massachi*, 486 F.3d at 1153-1154 & n. 19 (vacating in part with instructions to remand where "we have an apparent conflict with no basis for the vocational expert's deviation," and therefore the court "cannot determine whether the ALJ properly relied on [the VE's] testimony" at step five); *Prochaska*, 454 F.3d at 736 (reversing and remanding to permit the ALJ to resolve a "potential inconsistency" between the VE's testimony and the DOT where the claimant could not reach above shoulder level, and therefore it was not clear whether she could perform the job of cashier as defined by the DOT).

### ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore REVERSED. The case is REMANDED to the ALJ for further proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Joy A. McQuone and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __**August 24, 2012**__         /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE